

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Gerald C. Mann
~~PRICE DANIEL~~
ATTORNEY GENERAL

Honorable Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Opinion No. O-3919
Re: Is a sheriff entitled to
mileage in arresting or
going after a lunatic?
And related questions.

Dear Sir:

Your letter of August 25, 1941, requesting an opinion of this department upon the questions stated herein has been received.

We quote from your letter as follows:

"Is a Sheriff entitled to mileage in arresting (or going after) a Lunatic. Also how is he to be paid for transporting the patient to the Insane Asylum."

For the purposes of this opinion we assume that the person or persons alleged to be of unsound mind are not charged with a criminal offense.

We direct your attention to Article 5561, Vernon's Annotated Civil Statutes, which reads as follows:

"In such cases the officers shall be allowed the same fees as are now allowed for similar services performed in misdemeanor cases, and the jurors shall each be allowed a fee of One ($1.00) Dollar, t be paid out of the estate of the defendant if he have an estate, otherwise by the County on accounts approved by the County Judge." (This article appears in the chapter relating to lunacy proceedings and is the costs allowed officers and jurors in such proceedings.)

Article 3194, Vernon's Annotated Civil Statutes, provides:

"The expenses of conveying all public patients to the asylum shall be borne by the counties respectively from which they are sent; and said counties shall pay the same upon the sworn account of the officer or person performing such service, showing in detail the actual

expenses incurred in the transportation. In
case any public patient is possessed of prop-
erty sufficient for the purpose, or any person
legally liable for his support is so possessed
of property; the county paying the expenses of
such transportation shall be entitled to reim-
bursement out of the estate of the lunatic or
the property of the person legally liable for
his support, which may be recovered by the coun-
ty on suit brought therefor."

A lunacy proceeding is a civil, and not quasi-
criminal, proceeding. Ex parte Singleton, Court of Crim-
inal Appeals, 16A S. W. 123.

The procedure adjudging one not charged with a
crime to be a person of unsound mind and providing for his
restraint is solely through the county court and although
the State is a party to such inquiry, the character of the
proceeding is essentially civil. (White v. White, 196 S.W.
508; Texas Jurisprudence, Vol. 24, p. 368.) However, the
Amarillo Court of Civil Appeals in the case of Lindsay v.
Wood, et ux, 25 S. W. (2d) 263, said that "in our opinion,
a prosecution for lunacy is a quasi-criminal proceeding."
However, practically all of the authorities hold that such
proceedings are essentially civil.

It will be noted that Article 5541, supra, pro-
vides that in such cases the officer shall be allowed the
same fees as are now allowed for similar services performed
in misdemeanor cases. Although such proceedings or cases
are not criminal cases we think that the fees allowed the
officers in lunacy proceedings shall be governed and con-
trolled, as to amount, by the statutes providing fees in
misdemeanor cases. In this particular case we are concern-
ed with the fee of the sheriff and Article 1065 of the Code
of Criminal Procedure sets forth the fees which shall be
allowed the sheriff or other peace officer performing the
same services, etc. Under this statute the sheriff or
other peace officer performing the same service is entitled
to Two Dollars ($2.00) for executing each warrant of arrest
or capias, or making arrest without warrant. This statute
further provides that the sheriff or other peace officer per-
forming the same services shall be entitled to 7½ cents for
each mile he may be compelled to travel in executing criminal
process, etc. Therefore, in reply to your first question
you are advised that it is our opinion that the sheriff is
entitled to mileage as provided in Article 1065, Code of

Criminal Procedure, supra, to be paid by the county, provided the person of unsound mind has no estate out of which sheriff's fees can be legally paid or some person who is legally liable for his support has such an estate out of which said fees can legally be paid.

With reference to your second question concerning compensation for transporting the patient to the insane asylum we want to point out that the above quoted article, 5561, Vernon's Annotated Civil Statutes, providing fees for officers and jurors in lunacy cases for similar services performed in misdemeanor cases has no application to this question. See Opinion of Honorable I. V. Davidson, Attorney General of Texas, dated September 11, 1906, 1906-1908 Reports of the Attorney General of Texas, page 334, which construed the Acts of 1903, page 110, (now Article 5561, Vernon's Annotated Civil Statutes) to apply only to fees and judicial proceedings.

Article 3194, Vernon's Annotated Civil Statutes, is applicable to your second question. This department has repeatedly held that the sheriff would be entitled to receive only actual expenses incurred in conveying lunatics to the State Asylum as authorized by Article 3194, supra.

Two of the opinions supporting the above conclusion are Opinions No. 0-987 and No. 0-3198, copies of which are enclosed herewith for your information.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED SEP 9, 1941

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

AW:IM:wb
ENCLOSURES

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams, Assistant

APPROVED: OPINION COMMITTEE

BY: BWB Chairman